IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLENN GREEN and STARLA GREEN | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 14-3498 |
| | § | |
| WELLS FARGO BANK. N.A., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

Before the Magistrate Judge upon referral from the District Judge for a memorandum and recommendation is Defendant's Motion for Final Summary Judgment (Document No. 27). Having considered the motion, the responses and additional briefing (Document Nos. 34 & 36), the claims alleged in Plaintiffs' Second Amended Complaint (Document No. 29), the summary judgment evidence, and the applicable law, the Magistrate Judge RECOMMENDS, for the reasons set forth below that Defendant's Motion for Final Summary Judgment (Document No. 27) be GRANTED.

### I. Background

This is a mortgage/foreclosure case, which was filed by Plaintiffs Glenn and Starla Green ("the Greens") in state court on October 31, 2014, against Wells Fargo, the holder of the note and deed of trust on their residence, located at 25003 East Manor Circle, Spring, Texas 77389 (referred to hereafter as "the Property"). The case was timely removed to this Court on the basis of diversity.

In their Second Amended Complaint, filed on November 22, 2016, the Greens allege two claims against Wells Fargo: (1) a declaratory judgment claim that the note and deed of trust are

unenforceable given the expiration of the four year statute of limitations for Wells Fargo to foreclose; and (2) a claim to remove cloud and quiet title on the Property. Wells Fargo seeks summary judgment on those claims, arguing that it abandoned its acceleration of the note prior to the expiration of the four year statute of limitations period.

## II. Summary Judgment Standard

Rule 12(b)(6) provides for dismissal of an action for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. Plausibility will not be found where the claim alleged in the complaint is based solely on legal conclusions, or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Nor will plausibility be found where the complaint "pleads facts that are merely consistent with a defendant's liability" or where the complaint is made up of "'naked assertions devoid of further factual enhancement.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557)). Plausibility, not sheer possibility or even conceivability, is required to survive a Rule 12(b)(6) motion to dismiss. *Twombly*, 550 U.S. at 556-557; *Iqbal*, 129 S.Ct. at 1950-1951.

In considering a Rule 12(b)(6) motion to dismiss, all well pleaded facts are to be taken as true, and viewed in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236

(1974). But, as it is only *facts* that must be taken as true, the court may "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, at 1950. It is only then that the court can view the well pleaded *facts*, "assume their veracity and [ ] determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, at 1950.

### III. Discussion

In their Second Amended Complaint, which was allowed by Order entered on November 22, 2016 (Document Nos. 28 & 29), the Greens assert claims for declaratory judgment and to quiet title, which are based entirely on their allegations that the four year statute of limitations expired on April 2, 2014, and that the Note and Deed of Trust are now unenforceable.[1] Wells Fargo, in contrast, maintains that it abandoned the April 2, 2010 acceleration, and that the Note and Deed of Trust are still valid and enforceable.

The statute of limitations issue is the central issue in this case. That statute of limitations, set forth in Section 16.035 of the Texas Civil Practice and Remedies Code, provides, as follows, for a four year statute of limitations for foreclosure proceedings on a real property lien:

> A person must bring suit for the recovery of real property under a real property lien or the foreclosure of a real property lien not later than four years after the day the cause of action accrues. . . . On the expiration of the four-year limitations period, the real property lien and a power of sale to enforce the real property lien become void.

For a note with an optional acceleration clause, a cause of action accrues under § 16.035 when the

---

[1] In their Second Amended Complaint, the Greens limited their limitations claim(s) to the April 2, 2010 Notice of Acceleration, and abandoned any claim which was based on any prior acceleration.

3

"holder actually exercises its option to accelerate" by providing first a notice of intent to accelerate and then a notice of acceleration. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001). But, "[a] note holder who exercises its option to accelerate may 'abandon acceleration if the holder continues to accept payments without exacting any remedies available to it upon declared maturity.'" *Khan v. GBAK Properties, Inc.*, 371 S.W.3d 347, 353 (Tex. App.–Houston [1st Dist. 2012, no pet.) (quoting *Holy Cross*, 44 S.W.3d at 566-67). Acceleration may also "be abandoned by agreement or other action of the parties," with there being no requirement of a written agreement. *Khan*, 371 S.W.3d at 353, 356; *see also Clawson v. GMAC Mortgage, LLC*, No. 3:12-CV-00212, 2013 WL 1948128 * 4 (S.D. Tex. May 9, 2013) (Texas law "does not preclude a note holder from abandoning acceleration without express agreement from the borrower."). In addition, abandonment may be unilateral and far from express. "For example, a lender may abandon acceleration by sending new notices of default and intent to accelerate demanding less than the full balance of the loan." *Curry v. Ocwen Loan Servicing, LLC*, Civil Action No. H-15-3089, 2016 WL 3920375 * 5 (S.D. Tex. July 14, 2016) (Lake, J.) (citing *Leonard v. Ocwen Loan Servicing, Inc.*, Civ. Action No. H-13-3019, 2014 WL 4161769 at *4-5 (S.D. Tex. Aug. 19, 2014) (*Leonard I*), *aff'd*, *Leonard II*, 616 F. App'x 677; *Boren v. U.S. Bank Nat'l Assoc.*, Civ. Action No. H-13-2160, 2014 WL 5486100 at *1-2 (S.D. Tex. Oct. 29, 2014), *aff'd*, 807 F.3d 99 (5th Cir. 2015)). When abandonment of acceleration occurs, "the statute of limitations period under § 16.035(a) cease[s] to run . . . and a new limitations period [ ] begins." *Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015).

Here, the summary judgment evidence shows that Wells Fargo sent the Greens a Notice of Acceleration on April 2, 2010. State court litigation thereafter commenced, with Wells Fargo filing

an application for expedited non-judicial foreclosure in the 295th District Court of Harris County, Texas on April 19, 2010 (Document No. 27-20), and the Greens filing a separate proceeding in the 334th District Court of Harris County, Texas on July 14, 2010, challenging Wells Fargo's ability to foreclose (Document No. 27-23). Defendant's non-judicial foreclosure proceeding was abated and dismissed on August 6, 2010 (Document No. 27-22), and the Green's lawsuit was dismissed upon the parties' "Joint Stipulation of Dismissal" on February 21, 2012 (Document No. 27-24). Following the dismissals of those two lawsuits, Wells Fargo, in June 2013, and again in August 2013, send the Greens Notices of Intent to Foreclose. In those two Notices of Intent to Foreclose, Wells Fargo identified the amount due ($174,671.32 as of June 26, 2013, and $178,987.64 as of August 22, 2013) as being less than the total accelerated amount, and further notified the Greens that their "failure to cure [their] default . . . may result in the acceleration of the sums secured by the Security Instrument, making the entire loan immediately due and payable." (Document No. 27-4 at 45).

The two Notices of Foreclosure during 2013, prior to the expiration of the four year limitations period, constituted an abandonment of the earlier 2010 Notice of Acceleration. That is because the terms of the two notices were inconsistent with the 2010 acceleration, and allowed the Greens to bring the loan current by paying an amount that was less than the full balance of the Note. As such, the 2013 Notices of Intent to Foreclose not only operated as an abandonment of the April 2, 2010 acceleration, but also re-set the four year limitations period under § 16.035 of the Texas Civil Practice and Remedies Code. *See Boren v. U.S. Nat'l Bank Ass'n*, 807 F.3d 99, 106 (5th Cir. 2015) ("U.S. Bank's Second Notice of Default informed the Borens that the total amount necessary to bring their loan current was the amount due under the original terms of the Note and that the bank

5

would accelerate the maturity date of the loan if the Borens failed to pay this amount. This notice unequivocally manifested an intent to abandon the previous acceleration and provided the Borens with an opportunity to avoid foreclosure if they cured their arrearage. As a result, the statute of limitations period under § 16.035(a) ceased to run at that point and a new limitations period did not begin to accrue until the Borens defaulted again and U.S. Bank exercised its right to accelerate thereafter."); *Martin v. Federal Nat'l Mortgage Ass'n*, 814 F.3d 315, 318 (5th Cir. 2016) ("As is relevant here, the request for payment of less than the full obligation – after initially accelerating the entire obligation – was an unequivocal expression of the bank's intent to abandon or waive its initial acceleration."); *Alvarado v. U.S. Bank Nat'l Ass'n*, No. 15-51017, 2016 WL 3402587 *2 (5th Cir. June 20, 2016) ("Because U.S. Bank sent Alvarado 'account statements listing less than the full accelerated debt, as well as notices of default and acceleration, after the October 2008 acceleration' the district court did not err in granting summary judgment for U.S. Bank."); *Alcala v. Deutsche Bank Nat'l Trust Co.*, Civil Action No. H-15-3627, 2016 WL 4363403 *3 (S.D. Tex. Aug. 15, 2016) (Miller, J.) ("when Deutsche Bank sent a notice of default on September 11, 2012 , requesting payment of only the amount overdue under the note rather than the full balance of the note, Deutsche Bank effectively rescinded its prior acceleration, and the accrual date reverted to the loan's original maturity date."). With the four year limitations period re-set in 2013, the Greens cannot rely on the four year limitations period as invalidating the lien on the property at issue,[2] and Wells Fargo is

---

[2] In addition, and as argued by Wells Fargo, because the lawsuit filed by the Greens in 2010 effectively prevented Defendant from seeking an expedited foreclosure under Rule 736 of the Texas Rule of Civil Procedure, the pendency of the Greens' lawsuit operated to toll the limitations period. *See e.g., Curry*, 2016 WL 3920375 at *6 (because "[a] Rule 736 proceeding cannot be brought as a counterclaim in a borrower's suit against the lender . . . Defendants were prevented from obtaining the constitutionally required court order they needed to exercise their contractually granted power of sale" and therefore "the statute of limitations for exercising such

entitled to summary judgment on the Greens' two claims related thereto.

## IV. Conclusion and Recommendation

Based on the foregoing and the conclusion that no genuine issue of material fact exists with respect to whether Defendant Wells Fargo abandoned the April 2, 2010 acceleration of the Note at issue in this case prior to the expiration of the four year limitations period in § 16.035 of the Texas Civil Practice and Remedies Code, the Magistrate Judge

RECOMMENDS that Defendant's Motion for Final Summary Judgment (Document No. 27) be GRANTED, and that Plaintiffs' claims be dismissed with prejudice.

The Clerk shall file this instrument and provide a copy to all counsel and unrepresented parties of record. Within fourteen (14) days after being served with a copy, any party may file written objections pursuant to 28 U.S.C. § 636(b)(1)(C), FED. R. CIV. P. 72(b), and General Order 80-5, S.D. Texas. Failure to file objections within such period shall bar an aggrieved party from attacking factual findings on appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Ware v. King*, 694 F.2d 89 (5th Cir. 1982), *cert. denied*, 461 U.S. 930 (1983); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc). Moreover, absent plain error, failure to file objections within the fourteen day period bars an aggrieved party from attacking conclusions of law on appeal. *Douglass v. United*

---

power was thus tolled" during the pendency of the borrower's action). That tolling of the limitations period (from July 14, 2010 to February 21, 2012), coupled with Wells Fargo's written "Notice of Rescission of Acceleration," dated November 21, 2014 (Document No. 27-9), defeats the Greens' two claims herein, both of which are based on the statute of limitations in section 16.035 of the Texas Civil Practice and Remedies Code.

*Services Automobile Association,* 79 F.3d 1415, 1429 (5th Cir. 1996). The original of any written objections shall be filed with the United States District Clerk.

Signed at Houston, Texas, this 29th day of March, 2017.

*[signature]*
FRANCES H. STACY
UNITED STATES MAGISTRATE JUDGE